MARY HARRIS, Respondent, *v.* CHARLES H. TAYLOR and Others, Defendants; WILLIAM C. LESSTER, Appellant.

*Mortgage foreclosure — receiver of rents — an assignment of the rents gives a right superior to that of a receiver in a foreclosure suit — denial upon information and belief of matter positively sworn to.*

In an action brought by a junior mortgagee to foreclose his mortgage a prior mortgagee, who had received from the mortgagor an assignment of the rents of the mortgaged property until his mortgage should be paid, was made a party defendant. On the application of the junior mortgagee a receiver of the rents was appointed without notice to the prior mortgagee and was directed to pay over the rents to the junior mortgagee. Thereafter the prior mortgagee

made a motion to have the rents paid over to him, on which application it was held that the motion could not be granted until the order appointing the receiver was reversed, vacated or modified. He then made a motion to vacate or modify the order appointing the receiver, which was denied, and on appeal from the order denying such motion the Appellate Division modified the order appointing the receiver by striking therefrom the provision requiring him to pay the rents to the junior mortgagee.

Subsequently the receiver made an application for the settlement of his accounts, on which the prior mortgagee asked for the payment of his claim, but his motion was denied, and the settlement of the receiver's accounts and of the amount due the plaintiff was sent to a referee, upon the coming in of whose report both the junior and the prior mortgagee made a motion for the payment to each respectively of a portion of the rents collected.

Upon an appeal from an order granting the motion of the junior mortgagee and denying that of the prior mortgagee, it was

*Held,* that the failure of the prior mortgagee to appeal from the several orders denying his requests for payment out of the rents collected by the receiver was not fatal to his right to have the question presented upon this appeal, as on none of the previous applications had the merits been passed upon or his rights determined:

That the right of the prior mortgagee under the assignment to the rents of the mortgaged premises was clearly superior to that of the junior mortgagee under the order appointing a receiver of the rents and profits;

INGRAHAM, J., dissented.

That a denial upon information and belief, the sources of information and the grounds of belief not being given, contained in the junior mortgagee's affidavits as to the amount due the prior mortgagee, could have no weight as against the prior mortgagee's positive affidavit as to the amount due.

APPEAL by the defendant, William C. Lesster, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of July, 1898, denying his motion to compel the receiver of the rents of the mortgaged property to pay him out of the moneys in his hands the sum of $773.98 in satisfaction of the balance due the said defendant for principal and interest on the mortgage held by him upon the premises in suit.

The action was brought by Mary Harris to foreclose a mortgage, and the appellant Lesster was made a co-defendant against whom no personal claim was made. Lesster held a prior mortgage of $1,284, and an assignment, executed at the same time as the mortgage, of $200 of the monthly rents, some of which had been collected and paid to him before the suit was brought, thus reducing his

mortgage to $773.98. On application in foreclosure proceedings on the plaintiff's mortgage, a receiver was appointed who was directed to pay over the rents from the property to the plaintiff. The receiver was appointed without notice to Lesster, who thereafter, however, made a motion to have the rents paid over to him. The motion was opposed by the plaintiff on the grounds that the order appointing the receiver directed that the rents be paid to the plaintiff, and it was held that the defendants' motion could not be granted until the order appointing the receiver was reversed, vacated or modified.

Lesster then made a motion to vacate or modify the order appointing the receiver, which motion was denied. In the opinion on appeal (*Harris* v. *Taylor*, 22 App. Div. 109) it was said, ".the court should have granted the motion so far as to direct the receiver to retain the rents * * * the order appointing the receiver should be modified by striking out the provision requiring him to pay over the rents to the respondent." The order appealed from was modified accordingly.

Subsequently the receiver made application to settle his accounts, and on that Lesster asked to have his claim paid, but his request was denied and the settlement of the accounts and the amount due the plaintiff were sent to a referee. These matters were disposed of on the reference, the referee's reports were submitted, and an application was made by the plaintiff to confirm them. When the motion came on to be heard, Lesster consented in open court, as appears by the recitals in the order, to the confirmation so far as the subjects mentioned were concerned, but made objection to the payment of the funds to the plaintiff, and it was ordered that the distribution of the funds should be reserved and a special motion made. Thereafter, on the claim that Lesster had filed certain objections to the receiver's accounts, which objections had been overlooked, the accounts were referred back to the referee, who subsequently reported again as he had in the first instance. The plaintiff then moved for the payment of the fund to him, and a similar motion was made by Lesster for payment to him of a portion of the rents collected. Both motions came on and were argued together, the plaintiff's being granted and Lesster's denied, and it.is from this decision that the present appeal is taken.

*J. Baldwin Hands*, for the appellant.

*William H. Harris*, for the respondent.

O'BRIEN, J.:

Lesster was not a necessary party in the suit brought to foreclose the plaintiff's mortgage (*Emigrant Industrial Savings Bank* v. *Goldman*, 75 N. Y. 127), and his presence as a co-defendant has made much confusion, and has presented difficulties with which the several judges below have been obliged to contend in the course of this litigation.  As a co-defendant he endeavored to have his rights determined in plaintiff's suit instead of resorting to independent action.  The receiver having been appointed without notice to him, and having collected the rents, Lesster, down to the time of the accounting, sought to compel payment of his claim by several summary applications.

Lesster has been at a disadvantage because of a confusion which seems to have arisen in the minds of the judges below, as well as of the plaintiff's attorney, resulting from a failure to apprehend the decision of this court upon the former appeal.  On the previous appeal we were not called upon to decide, and did not decide, the merits of the conflicting claims to the fund as between the plaintiff and Lesster.  The question before us was the proper form of an order directing a receiver in foreclosure proceedings, and we held that the provision in that order which directed payment to the plaintiff should be stricken out, and the rents collected should remain in the hands of the receiver.  The question of the respective rights to the fund not being before us, that determination was left open for such further application as either party might be advised to take in order to present the matter for decision.

The respondent strenuously insists that the failure of Lesster to appeal from the several orders denying his request for payment out of the rents collected by the receiver is fatal to his right to have the question presented on this appeal; but in none of Lesster's previous applications had the merits been passed upon or his rights determined, and it was only upon the motions made subsequent to the confirmation of the referee's report that such merits were determined and his claim denied.  From the order thereupon entered this appeal was taken.

It is true that Lesster, proceeding on the theory, possibly, that he was not concerned with the accounting, the merits of his claim not being there in issue, but that he was entitled, as a matter of right, to receive the amount due him from the rents collected, made several applications, as the respondent says, for payment from the money in the hands of the receiver. These applications were correctly disposed of by the court below for the reason, though not stated, that they were premature, and that it was proper, in the first place, that the amount of the fund ready for distribution, and also the amount of the plaintiff's claim, should be ascertained after the sale of the property, and then, upon motion for distribution, the rights to the fund could be determined. This question was finally presented by separate motions which were argued together, and from the order thereupon made Lesster brought this appeal. We think, therefore, that the question is properly before us for review as to what are the respective rights of the claimants to the fund which consists of the rents collected by the receiver.

We are thus brought to a consideration of the title acquired by Lesster under his assignment of rents and the rights acquired by the plaintiff by virtue of the appointment of the receiver. The validity of Lesster's assignment is not questioned, and it purports to assign and transfer "the sum of two hundred dollars of the rents collected for each month until the said sum of twelve hundred and eighty-four dollars, with interest, has been fully paid." Such payment, it appears, was being made without objection, and the debt thereby had been reduced to $773.98, when the receiver appointed on foreclosure of the plaintiff's mortgage, without notice to Lesster, took possession of the premises and collected all rents.

We think that Lesster's right to the rents is plainly superior to the plaintiff's. It is immaterial whether or not the plaintiff's mortgage was executed prior to Lesster's assignment. Even if that were so, it did not give the plaintiff a lien upon the rents. He obtained no right thereto until the appointment of the receiver (*Ranney* v. *Peyser*, 83 N. Y. 1), and this was long after the execution of the assignment.

The plaintiff relies upon the rule that a prior mortgagee obtains no right to the rents of the premises as against the receiver for a junior mortgagee. (*Ranney* v. *Peyser*, *supra*.) There can be no

doubt that such is the rule, but it has no application here. The appellant does not base his right to the rents upon the prior mortgage, but upon his assignment, which conferred upon him an unquestionable right as against the subsequent receivership.

It is said that the assignment is a secondary security, to be resorted to only in case the proceeds of sale of the mortgaged premises should prove insufficient, and that there is no proof on this head. There is nothing in the assignment to warrant such a construction. It purports to be an absolute, primary security for the debt, and was so treated prior to the appointment of the receiver. The description of it in the appellant's affidavits as a "further security" is perfectly compatible with this construction. It was a "further" security, but not a "secondary" one.

Finally, there is a denial in the plaintiff's affidavits as to the amount due the appellant. This denial is upon information and belief, and the sources of information and grounds of belief are not given. It can have no weight as against the appellant's positive affidavit as to what is still due him.

We think that the order should be reversed and the motion made by Lesster for the payment of $773.38 from the funds in the hands of the receiver should be granted, with $10 costs in the court below, and with costs of this appeal.

BARRETT and RUMSEY, JJ., concurred; INGRAHAM, J., dissented.

BARRETT, J.:

I agree with Justice O'BRIEN. The view taken by the plaintiff of the assignment of the rents to Lesster is erroneous. That assignment was not within the Recording Act. It in no wise affected the title to the land nor was it a lien or incumbrance thereon. Neither the plaintiff nor Lesster acquired any right to the rents under their mortgages. The rents belonged to the mortgagor as incident to his ownership of the land. They were in fact personalty. He could at any time before he was divested of his title dispose of these rents as he pleased. And he did so dispose of them to Lesster by the assignment in question. It was under this assignment, and not under his mortgage, treated independently, that Lesster became entitled to these rents. As the person thus entitled, under the assignment, Lesster was neither a necessary nor a proper

party defendant. The complaint in the action simply sought to cut off the mortgagor's equity of redemption and to satisfy the plaintiff's mortgage by a sale of the premises. It asserted no right to the rents. It contained no allegation and demanded no judgment with respect to them. No personal claim was made against Lesster. No issue was possible, therefore, upon the subject. Had Lesster in his answer set up his assignment, it would have been stricken out as irrelevant. It is difficult to understand, therefore, upon what principle the respondent contends that the judgment was conclusive; that the plaintiff's mortgage was superior to Lesster's assignment; that judgment had in fact no legal relation to the rents. It is true that in such an action the rents can be incidentally sequestered for the plaintiff's benefit upon proof of the inadequacy of the security. Primarily they can only be so sequestered, however, as against the mortgagor. To sequester them as against the mortgagor's assignee thereof, the plaintiff would have to show something more than inadequacy. He would have upon proper allegations and proofs to overturn the assignment. And certainly he could not do this without giving the assignee notice of his application. The receiver here was appointed *ex parte.* There was consequently no adjudication in the plaintiff's favor as against Lesster's assignment and the receiver necessarily took the rents subject to the latter's rights. The true effect of the orders subsequently made, here and below, was that the receiver should collect the rents and retain them for the benefit of whoever might ultimately be deemed entitled to them. He was not, in the meantime, to pay them over either to the plaintiff or to Lesster. The court never intended to use its power through its officer to take away a person's property without due process of law. The time has now come for a definite decision upon the subject. That decision should clearly be in Lesster's favor. The plaintiff, as we have seen, acquired no right to these rents by her judgment of foreclosure and sale. She acquired none as against Lesster by the appointment of the receiver *pendente lite* for the reason, as already observed, that she gave Lesster no notice of her application therefor. She certainly could not pass his assignment by unnoticed and proceed to sequestrate the rents for her own benefit, to the true owner's exclusion. The question then is, has anything been shown upon the present application which mili-

tates against Lesster's assignment? We find nothing whatever tending to invalidate the instrument or render it ineffective. It stands unquestioned, and it adquately confers upon Lesster just what it purports to confer. Whether the plaintiff had knowledge of it or not when she took her mortgage is quite immaterial. The extraneous understanding or lack of understanding is equally immaterial. She took what that mortgage gave her and no more; and Lesster took what his assignment gave him and no less. The court should now direct its officer to pay the moneys in his hands, as both law and equity demand.

I agree, therefore, to the reversal of the order and to a direction to the receiver, as indicated by Mr. Justice O'BRIEN.

INGRAHAM, J. (dissenting):

I think this motion was properly denied. The defendant Lesster was a proper party defendant to this action, which was to foreclose a junior mortgage upon certain real property. At the time of the commencement of the action to foreclose Lesster was collecting the rents of the property under an agreement not recorded, which in effect assigned the rents to Lesster and authorized him to retain thereof $200 per month, to be received on account of a prior mortgage held by him upon the property. Lesster was not a proper party as holder of a prior mortgage, but was a proper party as being entitled to receive a portion of the rents under his unrecorded agreement with the mortgagor and under which he was collecting the rents of the property. That agreement was unrecorded, and unless the plaintiff had actual knowledge of its existence upon the record of his mortgage, under the Recording Act, his mortgage took priority over Lesster's agreement, and that agreement was subject to it. When the action was brought, Lesster, being in possession of the property, was, as before stated, a proper party. Upon the motion of the plaintiff the court appointed a receiver of the mortgaged premises pending final judgment in this action. That order contained a provision that the receiver should pay the rents collected to the plaintiff. Lesster moved to vacate that order appointing a receiver, it having been made without notice to him, and upon that motion being denied appealed to this court where the order appointing the receiver was affirmed; but the provision directing the pay-

ment of the rent to the plaintiff was stricken out upon the ground that such a direction could only be given when it appears that there was a deficiency upon the sale of the property under the judgment of foreclosure, and then only to the extent of such deficiency. The action proceeded to judgment, and upon a sale of the property a deficiency was found due the plaintiff of $545.55, with interest from the 24th day of June, 1897. Whether or not this agreement, under which Lesster was in possession of the premises and collecting the rents, was an incumbrance upon the property prior to the plaintiff's mortgage, which was to be disposed of in the foreclosure suit, a judgment in that action against Lesster was conclusive that the plaintiff's mortgage was · superior to the agreement under which Lesster was collecting the rent of the premises.. By the appointment of the receiver, on the motion of the plaintiff in this action, the rents of the premises accruing during the pendency of the action were sequestrated to protect the plaintiff against any loss in consequence of there being a deficiency in the amount that the property realized upon a sale to pay the amount due upon the mortgage. The receiver was not appointed for the benefit of the defendant Lesster as a junior incumbrancer, or of the parties who held prior mortgages, but to protect the plaintiff's mortgage ; and as the judgment of foreclosure in this action is an adjudication that Lesster's agreement was subject to the plaintiff's mortgage, I can see no principle upon which Lesster was entitled to this fund sequestrated by the appointment of a receiver for the protection of the plaintiff to satisfy his subsequent incumbrance. If this agreement of Lesster's was made under the circumstances detailed by him in his affidavit, with the understanding between the plaintiff and the mortgagor and Lesster that it should be superior to the plaintiff's mortgage, or if plaintiff had knowledge of the agreement and the understanding under which it was executed at the time he received his mortgage and recorded it, plaintiff's mortgage would then be subject to the agreement between the mortgagor and Lesster. The plaintiff, however, denies the existence of such understanding, or that he had any knowledge of the Lesster agreement when the mortgage was delivered to him and was recorded ; but, as before stated, I think the judgment in this action under which Lesster's interest, whatever it was in the property under this agreement, was sold by the referee, was

an adjudication that this interest of Lesster under the agreement was subordinate to the plaintiff's mortgage. And it being subordinate to the plaintiff's mortgage, as between plaintiff and Lesster, Lesster could have no right to the rents collected by the receiver, and which by the order appointing the receiver had been sequestrated for the protection of the plaintiff's mortgage.

For this reason I think the order appealed from should be affirmed.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.