WILLIAM E. CONLEY, Respondent, v. MAX FINE, Appellant.

(Supreme Court, Appellate Term, First Department, July, 1917.)

Assignments — of rents — mortgages — when defendant not liable for rents received as mortgagee in possession — personal property.

> Since a mortgagee in possession has an interest in the land and receives the rent as an incident to such interest, upon no theory can one having no interest in the land and no privity with the mortgagor claim such rent as personal property belonging to him.

> A prior unrecorded assignment of rents which conveys no interest of any kind in the land and need not be recorded cannot reduce the interest or legal or equitable rights of a subsequent mortgagee.

> The owner of certain premises executed and delivered to plaintiff an assignment of the rents thereof until a certain sum then owing to plaintiff was fully paid. Later, while a portion

of said indebtedness was still unpaid, the owner of the premises gave a mortgage thereon which was assigned to defendant and on the same day executed and delivered to him an assignment of the rents. Both instruments were recorded and within two months defendant, with the consent of the mortgagor, entered into possession of the premises and has since collected the rents. More than a month after defendant entered into possession of the premises the assignment of rents to plaintiff was recorded. *Held,* that defendant was not liable to plaintiff for the rents received by him as mortgagee in possession.

BIJUR, J., dissents.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, rendered in favor of the plaintiff.

Morrison & Schiff (Jacob R. Schiff, of counsel), for appellant.

Ingram, Clark & Schenck (Warren A. Schenck, of counsel), for respondent.

LEHMAN, J. The defendant herein appeals from a judgment against him in an action wherein the plaintiff claims that the defendant has converted certain rents which belonged to the plaintiff under an assignment of rents. It appears undisputed that on September 27, 1916, the Ronele Construction Company owned certain improved premises and executed and delivered to the plaintiff an assignment of rents thereof until the sum of $1,000 then owing to the plaintiff was fully paid with interest. On October 11, 1916, the plaintiff was repaid the sum of $500, with interest, leaving still unpaid the sum of $500 and interest. On October 14, 1916, the Ronele Construction Company executed a bond and mortgage covering the same premises to one Slater who assigned the same to the defendant. On the same date the construction company executed and

delivered to the defendant an assignment of rents. All these instruments were recorded by the defendant on October 16, 1916. On or about the 1st day of November, 1916, the defendant entered into possession of the premises with the consent of the mortgagor and since that time has collected the rents. More than one month after the defendant was in lawful possession of the premises the plaintiff recorded his assignment of rents. Upon these undisputed facts the court below has held that the defendant is liable to the plaintiff for the rents received by him as mortgagee in possession.

There can be no doubt but that when the Ronele Construction Company mortgaged the premises to defendant's assignor the plaintiff had no lien upon the premises superior to the mortgage. If the assignment of rents constituted an interest in or incumbrance on the property then it would come under the Recording Act and it is only because the court in the case of *Harris* v. *Taylor*, 35 App. Div. 462, decided that an assignment of rents in nowise affected the title to the land that it held that an assignment of rents need not be recorded. There can be no doubt that upon the foreclosure of the mortgage the purchaser would obtain absolute title to the property free from any claim that he must pay over the rents to the assignee for the rents are an incident of the ownership. If a party could make a valid assignment of rents which need not be recorded but could nevertheless be enforced against a purchaser for value without notice, the door would obviously be open to all kinds of fraud. The mortgagee in this case of course did not by virtue of his mortgage become the legal owner or obtain a right to possession and incidentally to collect the rents but when the mortgagor put him in possession the mortgagor retained only a right to redemption and practically all other rights and incidents of ownership

passed to the mortgagee. It seems to me plain that if the assignee of the rents received no interest of any kind in the land, but only an assignment of personal property, he can make no claim for the rents as against the mortgagee in possession, whose rights to the rent are an incident of his interest and that consequently the mortgagee in possession, the defendant in this case, cannot be held for conversion. In other words since the mortgagee in possession has really an interest in the land and receives the rent as an incident to such interest, I can see no theory upon which a person having no interest in the land and no privity with the mortgagor can claim such rents as personal property belonging to him. The learned justice below has, however, held that the Appellate Division of this department has practically so decided in the case of *Harris* v. *Taylor, supra,* and it must be admitted that there are some expressions in the opinion of that case which lend much weight to his contention. In that case a receiver of rents appointed in a foreclosure action instituted by a junior mortgagee was directed to pay over the rents received by him to a prior mortgagee who in addition to his mortgage also had an assignment of rents. On the other hand in the recent case of *Wiggins* v. *Freeman,* 174 App. Div. 304, the Appellate Division of the second department held that a receiver of rents appointed in a foreclosure action must apply the rents received upon the mortgage and may not pay it to an assignee of rents claiming under an assignment made after the mortgage. It distinguishes the case of *Harris* v. *Taylor* as follows: " There the assignment by the mortgagor of rents thereafter to fall due was made to the holder of a prior mortgage upon the same premises and was made expressly as a ' further security ' for the payment of the sum due or to become due on that mortgage. Hence, that authority has no applica-

tion to the present situation.'' The distinction which the court there seeks to make does not, however, seem to me quite clear or entirely borne out by the reasoning of the opinions in *Harris* v. *Taylor, supra.* In that case the court points out that the prior mortgagee is entitled to the rents not by virtue of his mortgage but by virtue of his assignment and that it is immaterial whether the assignment was executed prior to or after the mortgage under foreclosure so long as it was executed prior to the time when the second mortgagee acquired a lien on the rents by the appointment of a receiver. Moreover it seems to me that no logical distinction can really be made between unrecorded assignments made prior or subsequent to a mortgage so long as they are made by a mortgagor having legal title and possession. In either case the mortgagor mortgages his entire estate as security and the mortgagee receives it free from unrecorded liens upon or interests in the land and in neither case can the mortgagor or his assignee claim that by virtue of a prior assignment of personalty the mortgage covers less than the mortgagor's full estate with all its incidents. On the other hand I cannot think that the Appellate Division in the earlier case ever intended to be understood as holding that a prior unrecorded assignment of rents, concededly not conveying an interest of any kind in the land, could in any way reduce the interest or legal or equitable rights of a subsequent mortgagee. In that case the facts were that at the time when the receiver was appointed a prior mortgagor held an assignment of rents and was receiving rents thereunder. The junior mortgagee's right to have such a receiver appointed for his benefit depended either upon the specific assignment of rents or upon the willingness of the court to exercise its equitable powers on the ground that the security was inadequate. In that

Appellate Term, First Department, July, 1917.   [Vol. 100.

case the junior mortgagee could plainly not claim that under the specific assignment of rent made after the assignment to the prior mortgagee he obtained rights superior to those of the prior assignee. On the other hand if he asked the court to appoint a receiver he would be met by the situation that a mortgagee who on application to the court would have a prior right to the appointment of a receiver was already receiving, the rents by virtue of an assignment of rents as additional security for his mortgage. In such circumstances a court of equity would not sequester the rents for the benefit of the second mortgagee merely because his mortgage was not adequate security for the debt but the second mortgagee would naturally be required to present additional proof to show that the prior mortgagee should not equitably be permitted to continue to receive the rents under his assignment. The statements in the opinions in that case should not be given wider application than is required under the peculiar circumstances of that case.

Judgment should, therefore, be reversed with thirty dollars costs and complaint dismissed with costs.

Ordway, J., concurs; Bijur, J., dissenting.

Judgment reversed, with costs.