WILLIAM E. CONLEY, Appellant, *v.* MAX FINE, Respondent.

First Department, February 15, 1918.

Real property — assignment of rents as collateral security — prior mortgage of same property and subsequent assignment of rents arising therefrom to assignee of mortgage as collateral security — priority of claim to rents — assignment of rents not a conveyance or incumbrance within the meaning of the Recording Act.

Where an owner of property, after executing and delivering a bond and mortgage thereon, assigned to the plaintiff the rents accruing from the same property as security for an indebtedness, and expressly authorized him to collect such rents as have accrued until the satisfaction of his debt, and the mortgagee on the date of the mortgage assigned the same to the defendant, and after the assignment of rents to the plaintiff the owner also executed and delivered to the defendant an assignment of the rents and profits arising from said property as security for the sum secured by the bond and mortgage, the plaintiff is entitled to priority of payment out of the rents.

An owner of real property may lawfully assign the rents to accrue and grant the reversion to another.

The fact that the assignment of the rents to the plaintiff was not recorded until after the mortgage and the assignment of the rents to the defendant were made is immaterial, because the assignment of rents was not a conveyance nor an incumbrance upon real property, and was, therefore, not within the Recording Act.

The defendant was not entitled to the rents because he held a mortgage upon the property, nor because of a provision in the mortgage entitling him to the rents in case of default, there being no evidence that any

such default had occurred when the rents sought to be recovered were collected. Nor does the fact that the defendant was in possession solely by permission of the mortgagor when he collected the rents give him a right thereto.

DAVIS, J., dissented, with opinion.

APPEAL by the plaintiff, William E. Conley, from a determination and order of the Appellate Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 28th day of September, 1917, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, in plaintiff's favor and awarding judgment to the defendant.

*Warren A. Schenck* of counsel [*Ingram, Clark, Taylor & Schenck,* attorneys], for the appellant.

*Jacob R. Schiff* of counsel [*Morrison & Schiff,* attorneys], for the respondent.

SCOTT, J.:

The facts in this case lie within a narrow compass and are not in dispute. On September 27, 1916, the Ronele Construction Company, being the owner of certain improved property in the city of New York, and being indebted to plaintiff in the sum of $1,000, assigned to him the rents accruing from said real property as security for such indebtedness and expressly authorized him to collect such rents as they accrued until he should have collected the full amount of the indebtedness due to him. This assignment was in writing, and was couched in very full and formal language.

On October 14, 1916, the said Ronele Construction Company executed and delivered to one Robert Slater a bond and mortgage to secure the sum of $6,000, the mortgage covering the same property of which the rents had been assigned to plaintiff. On the same day Slater assigned the bond and mortgage to defendant. On October 16, 1916, the Ronele Construction Company also executed and delivered to defendant an assignment of the rents and profits arising from said real property as security for the sum of $6,000 secured to be paid by the aforesaid bond and mortgage. It is alleged in the answer and is not denied that on or about

October 15, 1916, the defendant, with consent of the owner of the equity of redemption, went into possession of the premises and has ever since remained in possession and has collected the rents, issues and profits thereof.

In October, 1916, plaintiff was repaid on account of the amount due him the sum of $500, with interest, leaving still due $500. Since that he has collected only $79, the defendant having collected all the rest of the accruing rent, amounting to over $750. Plaintiff now claims that he is and was entitled to priority of payment out of the rents, and the defendant having refused to pay him, he brings this action.

The Municipal Court awarded judgment to plaintiff for the amount claimed. The Appellate Term reversed this judgment and rendered judgment in favor of defendant for the seventy-nine dollars which plaintiff collected after defendant had gone into possession of the property. (100 Misc. Rep. 713.)

There can be no doubt that the owner of real property can lawfully assign the rents to accrue, although he may grant the reversion to another. In *Swan* v. *Inderlied* (187 N. Y. 372, 374) the Court of Appeals said of a general lessee who had subleased, thus being in the same position of an owner who had made a lease: " It is conceded that it was within the power of the lessor to separate the rent that was to accrue under the lease from his reversion in the premises and assign such rent to Worden," and in *Harris* v. *Taylor* (35 App. Div. 462, 467) this court said: " He [the mortgagor] could at any time before he was divested of his title dispose of these rents as he pleased." The leading case upon the subject in this State is *Demarest* v. *Willard* (8 Cow. 206), in which the court said: '" When rent is reserved, it is incident, though not inseparably so, to the reversion. * * * The rent may be granted away, reserving the reversion; and the reversion may be granted away, reserving the rent, by special words. * * * It was perfectly within the power of the plaintiff to have assigned the rent to one, and the reversion to another."

It was competent, therefore, for the Ronele Construction Company to assign the rents to accrue to the plaintiff as it did, and since neither the execution nor the consideration of that assignment is called in question, it is clear that it

First Department, February, 1918.　　　　[Vol. 181.

was valid, binding and effective. Having thus validly and effectively assigned the rents to plaintiff to the extent indicated in the assignment itself it could not lawfully assign those rents to another, and while it might assign the rents to become due after plaintiff's debt had been paid, it could do no more. The assignment of the rents to defendant, therefore, although absolute in form, could convey no right to the rents that had already been assigned to plaintiff, and could become effective only after plaintiff's claim had been satisfied. The rents for which plaintiff was awarded judgment in the Municipal Court were, therefore, rents which belonged to him and which defendant had no right to collect, and which, having collected, he should be required to pay to plaintiff. It is axiomatic that the assignee of a non-negotiable chose in action can obtain no greater right than his assignor had, and it is perfectly clear that the Ronele Construction Company, defendant's assignor, could not lawfully have collected and retained the rents until plaintiff's assignment had been satisfied.

The circumstance that the assignment of the rents to plaintiff was not recorded until after the mortgage to Slater and the assignment of the rents to defendant were made, is of no consequence because an assignment of rents was not a conveyance of, nor an incumbrance upon real property and was, therefore, not within the Recording Act. (*Harris v. Taylor, supra.*) If defendant's claim to retain the rents in question rests solely upon the assignment to him, as we think it must, it is clearly defective.

Nor does the fact that defendant, when he collected the rent, held a mortgage upon the property, strengthen his claim. It is true that the mortgage contains a clause which reads as follows: " 5. That if default shall be made in the payment of the principal sum mentioned in the said bond, or any installment thereof, or of the interest which shall accrue thereon, or of any part of either at the respective times therein specified for the payment thereof, the said mortgagee shall have the right forthwith after any such default, to enter upon and take possession of the said mortgaged premises and to let the said premises and to receive the rents, issues and profits thereof, and to apply the same, after payment

of all necessary charges and expenses on account of the amount hereby secured, and said rents and profits are, in the event of any such default, hereby assigned to the mortgagee." But the right to take the rents under this claim is predicated upon a default in the payment of the principal or of any installment thereof, and there is no evidence that any such default had occurred when the rents sought to be recovered were collected. The defendant can take nothing, therefore, under this clause. Nor can he take anything under the bare fact that he held a mortgage upon the property. That gave him no title to the property and no right to receive the rents thereof. Until foreclosure he held nothing more than a lien upon the property, with no legal estate in it. (*Barson* v. *Mulligan*, 191 N. Y. 306; *Harris* v. *Taylor, supra.*)

Finally, it is sought to uphold the determination appealed from because the defendant when he collected the rents which plaintiff seeks to recover was a mortgagee in possession. If he became such it was solely by permission of the mortgagor, for the mortgage gave him no right to possession before foreclosure. (*Barson* v. *Mulligan, supra.*) As already indicated, the mortgagor, having already assigned the rents up to $1,000 to plaintiff, could not confer upon defendant, by giving him possession of the property or otherwise, the right to collect and retain that which had already been validly assigned to plaintiff. It appears to be assumed by defendant that in consequence of having become a mortgagee in possession, he was placed in the same position that would have been held by a receiver of the rents and profits appointed as an incident of an action to foreclose the mortgage. The analogy is not so obvious as it might be, but if it were the defendant's position would not be upheld. Precisely that case was presented in *Harris* v. *Taylor*, already referred to. The owner of the property in that case had assigned the rents to one Lesster as collateral security for a mortgage. He had then executed a second mortgage to the plaintiff Harris. An action was begun to foreclose this second mortgage, and a receiver of the rents was appointed on motion of the second mortgagee. The question presented was as to Lesster's preferential right to receive the rents for the satisfaction of his assignment. This court, speaking through

Mr. Justice O'BRIEN, said: " We think that Lesster's right to the rents is plainly superior to the plaintiff's. It is immaterial whether or not the plaintiff's mortgage was executed prior to Lesster's assignment. Even if that were so, it did not give the plaintiff a lien upon the rents. She obtained no right thereto until the appointment of the receiver (*Ranney* v. *Peyser,* 83 N. Y. 1) and this was long after the execution of the assignment."

In the same case Mr. Justice BARRETT said: " Neither the plaintiff nor Lesster acquired any right to the rents under their mortgages. The rents belonged to the mortgagor as incident to his ownership of the land. They were in fact personalty. He could at any time before he was divested of his title dispose of these rents as he pleased. And he did so dispose of them to Lesster by the assignment in question. It was under this assignment, and not under his mortgage, treated independently, that Lesster became entitled to these rents.   *   *   *

" It is true that in such an action [foreclosure] the rents can be incidentally sequestered for the plaintiff's benefit upon proof of the inadequacy of the security. Primarily they can only be so sequestered, however, as against the mortgagor. To sequester them as against the mortgagor's assignee thereof, the plaintiff would have to show something more than inadequacy. He would have upon proper allegations and proofs to overturn the assignment."

That case is precisely applicable to the facts in the present case, and is decisive of it.

The determination of the Appellate Term is reversed, and the judgment of the Municipal Court affirmed, with costs to the appellant in this court and the Appellate Term.

LAUGHLIN, DOWLING and SMITH, JJ., concurred; DAVIS, J., dissented.

DAVIS, J. (dissenting):

In this case the bond for $6,000, secured by the mortgage, was payable on demand. It was, therefore, past due, and the mortgagor was in default. The default was recognized by the mortgagor when it allowed the assignee of the mortgage to go into possession.

By the terms of the mortgage the rents were assigned to the mortgagee upon default. Neither the mortgagee nor the assignee of the mortgage had any notice of the prior assignment of rents to the plaintiff until defendant had been in possession under the mortgage about three months. During that period the plaintiff had collected no rents under his assignment, doubtless because the assignment was made as collateral security for the payment of a note and there had been no default in its payment. To reverse the determination of the learned Appellate Term would be to hold that a secret agreement between the mortgagor and an assignee of rents as collateral security takes priority over a subsequent mortgage past due and under which the mortgagee is in possession and by the terms of which the mortgagee is entitled to receive the rents.

Such a result would deprive mortgagees without notice of prior and secret assignments of rents of an important part of their security.

The determination of the Appellate Term should be affirmed.

Determination of Appellate Term reversed and judgment of Municipal Court affirmed, with costs to appellant in this court and the Appellate Term.