Louis Rolandelli, Plaintiff, *v.* William Stanton and Another, Individually and as Copartners Doing Business under the Firm Name and Style of Stanton & Reynolds, and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, First District, February 21, 1927.

Landlord and tenant — action by assignee to recover rent — conditional judgment of ownership of property gives right to assign rents pending appeal therefrom — appointment of receiver pending action did not affect validity of assignment of rents — unrecorded assignment of rents binding upon subsequent purchasers — laches by assignee in collecting rents, short of Statute of Limitations, not bar to action.

In an action to compel a conveyance of real property, a judgment for the plaintiff, conditioned on his either making a cash payment or giving a mortgage, is sufficient to enable the plaintiff, pending appeal, to give a valid assignment of rents.

The rights of the assignee of the rents were not affected by the appointment of a receiver in the action to compel conveyance of the premises, the receiver's possession having expired by the entry of judgment.

The assignment of the rents was binding on subsequent purchasers of the property, although not recorded.

Laches by the assignee of the rents, short of the Statute of Limitations, is not a bar to the collection of the same, unless expenditures or some other action by the subsequent purchasers of the property were evidenced by acquiescence sufficient as a basis for estoppel.

ACTIONS to recover rent.

*Samuel L. Zuckerman* [*Lewis Nadel* of counsel], for the plaintiff.

*Merrill, Rogers, Gifford & Woody,* for the defendant Costa.

*Benjamin F. Schreiber, pro se.*

*Aaron Morris,* for the defendants Reynolds and Stanton.

GENUNG, J.   These are two actions to recover rent for December, 1926, and January, 1927, from premises No. 192 Washington street, New York city, by virtue of an assignment of rents by one Daniel Pascale to plaintiff.   The defendants Stanton and Reynolds are tenants in possession under lease providing for a rental of $300 per month.   The defendant Schreiber is the present owner of one-third of the fee, and the defendant Costa is the present owner of the other two-thirds of the fee.

Notice of plaintiff's claim to the December and January rents is conceded as having been given to the defendants Stanton and Reynolds.   It appears that on January 7, 1921, the premises in question were conveyed by deed to Bessie Pascale, the wife of the above-mentioned Daniel Pascale.   On June 4, 1924, Daniel Pascale sued Bessie Pascale, his wife, to compel a conveyance of the premises to him, and a notice of pendency of the suit was duly filed on June 11, 1924; an order was entered in that action appointing one Levine receiver of the rents and profits from the premises *pendente lite.* The case was tried on February 9 and 10, 1925, and judgment rendered in favor of Daniel Pascale, conditioned on his either paying Bessie Pascale $7,500 in cash or giving to her a second mortgage in that amount on the premises.   On July fourteenth and fifteenth both parties to that action appealed from the judgments, Bessie Pascale depositing with the clerk of the Supreme Court, New York county, a deed to the premises running to Daniel Pascale and dated July 17, 1925.

After the judgment, and while the appeal was pending, on September 21, 1925, Daniel Pascale by an instrument in writing assigned the rents to which he might be entitled from said premises to the plaintiff to secure the payment of $2,000, for which plaintiff had become surety on behalf of Daniel Pascale and the Pennsylvania Exchange Bank, from which had been obtained a loan of said amount.   The plaintiff paid the amount of the loan, but was never reimbursed by Daniel Pascale.   The plaintiff recorded the assignment March 1, 1926.   The judgment in the above-mentioned action by and between Daniel Pascale and Bessie Pascale was affirmed by the Appellate Division June 25, 1926.   (*Pascale* v.

*Pascale,* 217 App. Div. 743.) On August 9, 1926, Bessie Pascale delivered the deed of the premises to Daniel Pascale who duly recorded it on August 10, 1926. Thereafter, on October 15, 1926, Daniel Pascale deeded a one-third interest of the fee to the defendant Schreiber, and on November 26, 1926, he deeded the remaining two-thirds of the fee to the defendant Costa.

It seems that the plaintiff made no attempt to collect the rents by virtue of his assignment until December, 1926, when, after notice of the assignment to the tenants in possession and demand for the rents for the month of December and January was made, and a payment refused, he brought these actions. It is difficult to state the contentions of the defendants succinctly. Summarizing, they seem to be:

(1) That by reason of the fact that on September 21, 1925, the date when the assignment was made, the premises had not been deeded to Daniel Pascale, and the judgment ordering said conveyance having been made conditional, and an appeal being then pending from said judgment, Daniel Pascale could not make a valid assignment of the rents.

(2) That by reason of the appointment of a receiver *pendente lite* the assignment of rents was of no legal effect.

(3) The plaintiff having failed to attempt to collect the rents until December, 1926, and after the conveyance of the fee to the defendants Schreiber and Costa, he is precluded by reason of laches from collecting the rents at this time.

It is sufficient answer to the first of these contentions to hold that by reason of the judgment entered prior to the date of the assignment of the rents, there was such title in Daniel Pascale as enabled him to give a valid assignment of rents which might be due him. It was competent for him to divide the rents from the reversion and to assign the former to a third party. (*Conley* v. *Fine,* 181 App. Div. 675; *Bennett* v. *Austin,* 81 N. Y. 308, 320.) The subsequent perfecting of Daniel Pascale's title to the reversion by the affirmance of the Appellate Division, followed by the acquisition of a deed from Bessie Pascale, could only inure to the benefit of the plaintiff as assignee of the rents. Plaintiff's rights under the assignment were still existent and valid against Daniel Pascale on August 10, 1926, although he had taken no steps to enforce them at that time.

The rights and liabilities between plaintiff and Daniel Pascale were in no way affected by reason of the appointment of a receiver, the receiver's possession in the premises having expired by the prior entry of judgment in June, 1925. (*Colwell* v. *Garfield National Bank,* 119 N. Y. 408.) But, more than this, the function of the

receiver in the suit in question was merely that of a custodian, to preserve the rents until an adjudication as to who was properly entitled to them, as between Daniel Pascale and Bessie Pascale, and this function was ended on August 10, 1926, when Daniel Pascale took title, if not before.

The conclusion is compelled that on and after August 10, 1926, if not before, the legal right to collect the rents from the premises was in plaintiff, and title to the reversion was in Daniel Pascale. This situation was unchanged on October 15, 1926, and November 26, 1926, when Daniel Pascale conveyed title to the reversion to the defendants Schreiber and Costa respectively.

While the assignment of rents had been recorded, thus giving ground for argument that the defendants Schreiber and Costa had notice of the same, such recordation of the assignment was not necessary, as the defendants Schreiber and Costa were bound by the assignment, irrespective of notice. (*Conley* v. *Fine, supra.*)

The defendants Schreiber and Costa by the deed from Daniel Pascale took only title to the reversion. There is no laches involved, such as to defeat the right of the plaintiff in these actions, since no acquiescence or delay short of the Statute of Limitations can defeat the assertion of a legal right, unless expenditures or some other action by the defendants Schreiber and Costa were evidenced by such acquiescence upon which estoppel might be based. (*Campbell* v. *Seaman*, 63 N. Y. 568; *Ackerman* v. *True*, 175 id. 353, 362.)

Notice to the tenants Stanton and Reynolds of plaintiff's assignment and claim to the rent being conceded, judgment must be for the plaintiff. So ordered.