Edwin R. Lynde, J.
In this action for trespass, plaintiff has applied for a temporary injunction enjoining and restraining the defendants from continuing to occupy the property and from performing allegedly continuous acts of waste and damage. The mortgagee insists that under section 13 of the mortgage it has the right to enter the premises for the purpose of letting the same, regardless of the facts that there was no prior rental in effect, that there was no tenant on the premises and that the premises were vacant at the time that it acted. Under the said section, the mortgagor assigned to the mortgagee the rents, issues and profits of the premises and as further security for the payment of the underlying indebtedness, granted to the mortgagee “ the right to enter upon the premises for the purpose of collecting the same and to let the premises or any part thereof.”
*456 The right to enter and to let the premises is for the declared purpose of affording further security to the mortgagee. It should not be construed as giving the mortgagee complete control over the property. The eases cited by the mortgagee do not require a different conclusion. In each of them, the mortgagee was given the right, not only to enter upon the premises, but in addition, to take possession. Significantly here, there is no right to take possession; simply, a right to enter to collect and to lease. The right to lease conferred by the mortgage must be read in contest. Since there is nothing in the mortgage to indicate that it was the intention of the parties that immediately on default the mortgagee would be entitled to full dominion over the property, the contractual right to lease must be confined to the situation confronting the mortgagee at the time of default. If there were existing tenancies and a violation by a tenant of the terms thereof, the mortgagee conceivably would have the right to relet, at least for the unexpired term. Any exercise of control beyond that could seriously prejudice the rights of the fee owner. It would permit a mortgagee through the use of a corporate device or a friendly tenant to take exclusive physical possession of the property.
The right of the owner of the fee cannot be cut off prior to a judgment of foreclosure and sale unless there is a clear right to do so under the mortgage. The language of this section of the mortgage, referring, as it does, to a right of entry and a right to lease given as collateral security to an assignment of rents and providing, under certain circumstances, for a waiver of some, if not all, of said rights, is far from a grant of the express and unequivocal consent to take possession required by law.
It is the legislative policy of this State that “ A mortgage is merely an interest by way of security for debt, and a mortgagee has no title, but only a lien upon the land.” (Matter of City of New York [Braddock Ave.], 251 App. Div. 669, 672, affd. 278 N. Y. 163.) In the circumstances of this case, there is no reason to deviate from the policy laid down by the Legislature and consistently followed by the courts.