Samuel A. Spiegel, J.
Defendant Levine moves to sever the second cause of action and for summary judgment upon that cause in her favor.
The first cause of action is for foreclosure of a second mortgage upon premises 1518 Walton Avenue, Bronx, against the corporate mortgagor and defendant Edith Levine, who took title to the property involved by deed from the corporate mortgagor subject to the second mortgage. Defendant Levine, however, did not personally assume said mortgage. This cause of action is not in issue upon this motion.
The second cause of action is solely against defendant Levine for damages in the amount of $31,180.64, allegedly sustained by plaintiffs mortgagees due to the failure of defendant Levine, for the period of approximately two years prior to the commencement of this action, to apply the rents upon the subject real property to the payment of real estate taxes, sewer and water rents, other charges, and interest and principal on the first mortgage and plaintiff’s second mortgage, and for rent which Levine collected from the tenants théreof for more than a period of one month in advance.
The second mortgage, subject to which defendant Levine acquired title to the subject real property, contains the following clause: “13. That the mortgagor hereby assigns to the mortgagee the rents, issues, and profits of the premises as further security for the payment of said indebtedness, and the mortgagor grants to the mortgagee the right to enter upon and take possession of the premises for the purpose ’ of collecting the same and to let the premises or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses, on account of said indebtedness. This assignment and grant shall continue in effect until this mortgage is paid. The mortgagee hereby waives the right to enter upon and to take possession of said premises for the *393 purpose of collecting said rents, issues and profits, and the mortgagor shall be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this mortgage and agrees to use such rents, issues and profits in payment of principal and interest becoming due on this mortgage and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said premises, but such right of the mortgagor may be revoked by the mortgagee upon any default, or five days’ written notice. The mortgagor will not, without the written consent of the mortgagee, receive or collect rent from any tenant of said premises or any part thereof for a period of more than one month in advance, and in the event of any default under this mortgage will pay monthly in advance to the mortgagee, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said premises or of such part thereof as may be in the possession of the mortgagor, and upon default in any such payment will vacate and surrender the possession of said premises to the mortgagee or to such receiver, and in default thereof may be evicted by summary proceedings.”
Defendant Levine contends that the second cause of action cannot be maintained as the “ assignment of rents ” clause in the mortgage does not become effective until foreclosure or until the appointment of a receiver.
The courts of this State and the Federal courts, applying the law of this State, have held that “ an assignment of rents ” clause in a mortgage is not self-executing, but becomes effective only upon foreclosure or upon the appointment of a receiver of the rents of the mortgaged property (e.g., Ebling Co. v. Trinity Estates, 266 N. Y. 175; New York Life Ins. Co. v. Fulton Dev. Corp., 265 N. Y. 348; Womans Hosp. v. Sixty-Seventh St. Realty Co., 265 N. Y. 226; Sullivan v. Rosson, 223 N. Y. 217; Prudential Ins. Co. v. Liberdar Holding Corp., 74 F. 2d 50; Fehr v. First Americana Corp., 31 A D 2d 967; Kelley Bros. v. Primex Equities Corp., 46 Misc 2d 255).
Plaintiffs contend, however, that the law of these cited cases is inapplicable to the case at bar, as in each of the cited cases the 11 assignment of rents ’ ’ clause was conditional upon default of the conditions of the mortgage, whereas in the case at bar, in paragraph 13 of the mortgage there is stated an unconditional assignment in praesenti. Accordingly, plaintiffs allege defendant Levine, who became owner of record of the subject realty subject to plaintiffs’ second mortgage, is bound by the assignment of rents clause therein and is personally liable for her *394 failure, prior to foreclosure, to apply the rents for the purposes stated in that clause. To this extent plaintiffs mortgagees contend they were damaged thereby, and further by her collection of rents for more than a period of one month in advance she violated that clause of the mortgage.
Plaintiffs cite no authority for this contention, but urge the court to accept their position herein, as a case of first impression and accordingly to rule in their favor.
Nonetheless, research by this court discloses a case with dictum in favor of plaintiffs ’ contention.
Empire State Collateral Co. v. Bay Realty Corp. (232 F. Supp. 330) was an action to foreclose a mortgage upon real property in this State, which, due to the presence of the United States as a party, was removed to the United States District Court for the Eastern District of New York, pursuant to sections 1444 and 2410 of title 28 of the United States Code. The Federal court, applying the law of New York, held that the “ assignment of rents ” clauses in the mortgages therein sued upon were by their terms conditional upon default of the mortgagor and were not operative until the mortgagees took affirmative action to enforce them. However, the court declared (at p. 335): “ It is only when a clause in a mortgage constitutes an absolute and unqualified assignment of rents, to operate in praesenti, and is clearly intended as such by the parties, that an assignment of rents clause operates as such, without more. See Harris v. Taylor, 35 App. Div. 462 * * * appeal dismissed, 159 N. Y. 533 ”.
However, we do not herein agree with the foregoing reasoning of the learned United States District Court. We find that the case cited by that court in support of its statement, Harris v. Taylor, decided in 1898, to whatever extent it supports that conclusion, is no longer the law.
It is the law of New York that a mortgage gives the mortgagee only a lien upon the mortgaged premises. The common-law doctrine that the mortgagee held title thereto or any incidents thereof has long ago been abolished. A clear indication of this was the abolition by the Legislature in 1830 of the right of the mortgagee to maintain action in ejectment to recover possession of the mortgaged premises, by the enactment of the statute which is now section 611 (subd. 3) of the Beal Property Actions and Proceedings Law. The mortgagee was thus left with only the remedy of foreclosure to obtain possession of the mortgaged premises, as was stated in Barson v. Mulligan (191 N. Y. 306, 314, 315), decided in 1908, subsequent to Harris v. Taylor.
*395 The courts of this State have consistently upheld the principle that a mortgage creates no more than a lien upon the premises (e.g., Matter of City of New York [Braddock Ave.], 251 App. Div. 669, 672, affd. 278 N. Y. 163). “ Unless this is so, we must impute to the legislature [in abolishing the maintenance by a mortgagee of the action of ejectment], the vain formality of enacting a statute which can be rendered nugatory by the voluntary act of the very person whose conduct the statute was designed to control.” (Barson v. Mulligan, supra, at p. 315.)
In accordance with this policy, it has been held that in New York, a deed conveying real property, absolute on its face, when the transaction is intended by the parties to be a mortgage, not only is treated as a mortgage, but is held in law to be a mortgage and not a conveyance (e.g., Chase Nat. Bank v. Tover, 245 App. Div. 615, affd. 271 N. Y. 518; Procho v. Procho, 30 A D 2d 615; Matter of Third Ave. Holding Corp., 340 F. 2d 42, cert. den. sub nom.; A. G. V. Assoc. v. Cross, 381 U. S. 913). To reiterate, it is firmly the law of this State that a mortgage is merely a lien, which gives the mortgagee security and no more, and cannot, regardless of its form or of the intention of the parties to the mortgage, transfer title to the mortgagee.
Defendant Levine, during the period relevant to the second cause of action, held title to the mortgaged realty.
‘ ‘ Title to real estate is generally defined to be ‘ the means whereby the owner of lands has the just possession of his property’ (28 Am. & Eng. Ency. of Law [2d ed.], 232 * * *) ”. (Heiferman v. Scholder, 134 App. Div. 579, 583. Accord: Reino v. Buczkowski, 20 Misc 2d 77, 80.)
“ Title means full, independent and fee ownership.” (Matter of Pelis, 150 Misc. 918, 919.)
It is not shown that the interest of defendant Levine in the mortgaged real property is less than that of a fee. The fee “ includes title, the right of possession and the right to use for any purpose which may be lawful.” (Matter of Brookfield, 176 N. Y. 138, 146; and see, generally, in regard to the meaning of title, Kristel v. Steinberg, 188 Misc. 500.)
Certainly the title of defendant Levine included, for the period in issue, the rights to the rents upon the realty and the right to apply the rents as she saw fit. As a mortgage cannot convey title to the mortgagee, the assignment of rents clause in paragraph 13 in the mortgage herein sued upon cannot convey ipso facto to the mortgagee the right to the rents, which is an incident of title. Therefore, though defendant Levine is bound by the terms of plaintiffs’ second mortgage, subject to which she acquired title to the subject premises, she is not liable to plain *396 tiffs for the rents collected "by her prior to foreclosure or for the use made of them. A contrary holding would subvert the firm principle of New York jurisprudence that a mortgage is merely a lien and cannot operate as a transfer of title.
Support for this view is found in 107 Shore Road Corp. v. Gatknick Realty Corp. (40 Misc 2d 455). In that case, it was held that an assignment of rents clause in a mortgage which by its language gave the mortgagee ‘ ‘ the right to enter upon the premises for the purpose of collecting the same and to let the premises or any part thereof” (p. 455), which is identical to the language used in the assignment of rents clause in the case at bar, did not give the mortgagee the right to enter upon the premises and cut off the right of the owner of the fee in the mortgaged land prior to foreclosure. The court therein stressed the policy of this State that a mortgage cannot convey title.
Furthermore, the second cause of action cannot be maintained upon the alternative theory advanced by plantiffs, that of waste. Waste consists of physical damage to the mortgaged property and not the failure to comply with the financial conditions of a mortgage (Union Mtge. Co. v. Nelson, 82 N. Y. S. 2d 268, affd. 275 App. Div. 1028).
In addition, plaintiffs’ subterfuge by attempting to circumvent the well-established principles of law by seeking damages for willful failure to apply the rent, rather than for the collected rent itself, cannot be given any weight by the court.
There are no triable issues of fact in regard to the second cause of action. The motion is granted in all respects.