■ LT PROPCO, LLC, Appellant, v CAROUSEL CENTER COM-PANY, L.P., et al., Respondents. (Action No. 1.) LORD & TAYLOR CAROUSEL, INC., Appellant, v CAROUSEL CENTER COMPANY, L.P., et al., Respondents. (Action No. 2.) In the Matter of CITY OF SYRACUSE INDUSTRIAL DEVELOPMENT AGENCY, Respondent, to Acquire Certain Interests in the Carousel Center Site, which Site is Generally Identified as 1 Carousel Center Drive (Lot 11K), SBL NO. 114-02-05.6, and 304 Hiawatha Boulevard W. Rear (Lot 11B), SBL NO. 114-02-05.2, in the City of Syracuse, New York, Which Parcels Comprise a Portion of the Site for the Phased Public Project Known as Destiny USA. LORD & TAYLOR CAROUSEL, INC., Appellant. (Proceeding No. 1.) (Appeal No. 1.) [893 NYS2d 395]—

Memorandum: LT Propco, LLC, the plaintiff in action No. 1, and Lord & Taylor Carousel, Inc., the plaintiff in action No. 2 and the respondent in proceeding No. 1 pursuant to EDPL article 5 (collectively, plaintiffs), appeal from an order that, inter alia, conditionally granted the motion of defendants in action Nos. 1 and 2 seeking to dismiss the EDPL article 5 proceeding unless LT Propco, LLC joined its mortgagees as necessary parties therein (*LT Propco, LLC v Carousel Ctr. Co. LP*, 20 Misc 3d 1124[A], 2008 NY Slip Op 51598[U] [2008]). We agree with plaintiffs that the mortgagees are not necessary parties to the EDPL article 5 proceeding at issue (*see generally* CPLR 1001, 1003), and we therefore modify the order accordingly. Because New York operates under a lien theory as opposed to a title theory with respect to mortgages, "the language used in the assignment instrument itself is not determinative of what rights are actually transferred" (*Dream Team Assoc., LLC v Broadway City, LLC*, 2003 NY Slip Op 50894[U], *6 [2003]; *see Mooney v Byrne*, 163 NY 86, 91 [1900], *rearg denied* 164 NY 585 [1900]; *Leonia Bank v Kouri*, 3 AD3d 213, 216-217 [2004]; *Ganbaum v Rockwood Realty Corp.*, 62 Misc 2d 391, 395 [1970]). Here, upon reviewing the assignment agreement between LT Propco, LLC and its mortgagees as a whole, we conclude that it is clear therefrom that the assignment of any rights to the mortgagees was for the purpose of securing the repayment of debt owed (*see generally Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 NY2d 352, 358 [2003]). Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.