## KLEINSCHMIDT & Others *v.* McANDREWS & Another.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF MONTANA.

Argued March 8, 1886.—Decided March 22, 1886.

An exception to a decision of the court on a motion for a nonsuit, ordering the same on the ground that the plaintiff had made no case for the jury, is an exception within the meaning of § 279 of the Montana Code of Civil Procedure.

The record recited the substance and effect of plaintiffs' evidence, a motion for nonsuit by defendant on the ground that there was no case in law for the jury, that the motion was granted and judgment ordered to be entered in favor of defendant, and that the plaintiffs then and there excepted to this ruling of the court: *Held,* That the exceptions applied to the whole facts in the record to which the ruling of law excepted to applied.

A bill of sale of personal property was made at nine o'clock in the evening. The property was twenty-three miles distant. Possession was delivered at four o'clock in the morning of the next day, and the vendee remained in possession until the property was seized in the afternoon of that day, on attachment at the suit of a creditor of the vendor: *Held,* That this was an immediate delivery of possession, with continued change of possession, under a statute of Montana, making sales of personal property, "unless accompanied by immediate delivery and followed by actual and continued change of possession," "conclusive evidence of fraud as against creditors."

The plaintiffs in error, who were plaintiffs below, brought an action of replevin in the District Court for the Third Judicial District in the Territory of Montana, for the recovery of personal property which had been taken under a writ of attachment by the defendant McAndrews, as sheriff, at the instance of the other defendant, Bristol, a creditor of one Ingersoll, whose goods he claimed them to have been at the time of the levy. The plaintiffs claimed title by virtue of a bill of sale from Ingersoll, made before the seizure under the attachment.

The transcript of the record showed that the cause came on for trial on March 22, 1880, before a jury. The plaintiffs put in evidence a bill of sale, dated Helena, March 29, 1879 conveying to them the goods in controversy, consisting of a stock of merchandise, other personal property, and choses in action, in the store of Ingersoll in the town of Vestel, Deer Lodge County, with authority to sell and dispose of the same, and apply the proceeds *pro rata* to the payment of the indebtedness due from Ingersoll to the plaintiffs respectively. The record then contained certain stipulations between the parties in respect to the conduct of the cause, and a recital of the testimony adduced by the plaintiffs. It then proceeded as follows:

"The whole evidence on the part of the plaintiffs showed that the bill of sale referred to was executed by Ingersoll and delivered to plaintiffs in the office of Sanders & Cullen, in Helena City, in Lewis and Clark County, M. T., about 9 o'clock P.M. on the 29th day of March, A.D. 1879; that the goods, &c., were in possession of Stevenson, his clerk, at Vestel, in the county of Deer Lodge, about twenty-three miles distant; that after the writing mentioned was delivered to plaintiffs, as aforesaid, it was expressly agreed that plaintiffs should go out to Vestel and get possession of said property, and that said Stevenson should turn said property over to them; that said plaintiffs went at once and sent an agent with said 'bill of sale' to Vestel; and the evidence was sufficient to go to the jury, and tended to show that he took possession of said property about four o'clock on the morning of the 30th of

March, being the following morning after the execution and delivery of said writing; that he took with him said writing, exhibited it to said Stevenson, then in possession as clerk of said Ingersoll, and that he made no objection, but delivered him (said agent) the property aforesaid, being the property in controversy, and that the said Stevenson, the said clerk of Ingersoll, after said agent of plaintiffs so had possession, remained with and assisted said agent until the levy of the attachment by the sheriff on the 31st of said March; that the plaintiffs and defendant Bristol during this time were creditors of the said Ingersoll, for the purposes of this trial, was mutually agreed and conceded as a fact on the trial; and so entered accordingly as an admission."

It was thereupon stated that the plaintiffs then rested their case and the defendants made a motion for a nonsuit on the ground, among others, that there was "no sufficient case made out so as to authorize the submission of the same to the jury," and more particularly that—

"The evidence shows that there was no immediate change of possession accompanying the 'bill of sale,' or assignment of said property, and that in the meantime, between the execution thereof and the taking of such possession, if any was taken, defendant Bristol was a creditor of said Ingersoll, and his attachment duly levied on the thirty-first day of March, A.D. 1879."

The record then proceeded as follows:

"Which said motion was, after argument, duly submitted to the court, who thereupon granted the said motion and directed judgment to be entered in favor of the defendants and against the plaintiffs. To which ruling of the court the plaintiffs then and there duly excepted; and thereupon judgment was entered in the case as follows, to wit:

"*Judgment of Nonsuit.*
(Name of Court.    Title of Cause.)

"This action came regularly on for trial. The said parties appeared by their respective counsel. A jury of twelve persons was duly empanelled and sworn to try said action. Wit-

nesses on the part of plaintiffs were duly sworn and examined. After the said plaintiffs had closed their case said cause was heard upon defendants' motion for a nonsuit and duly submitted to the court for consideration and decision, and after consideration thereon the court sustains said motion and orders judgment for the defendants accordingly. Wherefore, by virtue of the law and by reason of the premises aforesaid, it is ordered, adjudged, and decreed that the said defendants do have and recover of and from said plaintiffs all the property in the complaint, affidavit, and pleadings in this action described, or, in case possession of said property cannot be had, the value thereof in accordance with a certain stipulation filed herein April 11, 1879, and introduced in evidence herein, and that they recover their costs in this cause expended, taxed at the sum of $63.50.

" Judgment entered March 22d, A. D. 1880.

"To the entry of which said judgment the plaintiffs then and there excepted, and ask the court to sign this bill of exceptions, and that the same be made part of the record, which is done accordingly this 22d day of March, A. D. 1880.

"(Signed)              D. S. WADE, *Judge.*"

From this judgment there was an appeal by the plaintiffs to the Supreme Court of the Territory, where it was affirmed. To reverse the judgment of that court this writ of error was prosecuted.

*Mr. M. F. Morris* for plaintiffs in error.

*Mr. Joseph K. Toole* for defendants in error. *Mr. Edwin W. Toole* was with him on the brief.

Mr. JUSTICE MATTHEWS delivered the opinion of the court. After stating the case as above reported, he continued :

The Supreme Court of Montana, in affirming the judgment of the District Court, proceeded on the ground that the errors assigned could not be considered for want of a sufficient bill of exceptions. It was held by that court that, in the nature of the case, an exception, within the meaning of § 279 of the Mon-

tana Code of Civil Procedure, could not be taken to the ruling of the court sustaining the motion for a nonsuit and directing judgment to be entered in favor of the defendants, because that section of the Code defines an exception as being "an objection taken at the trial to a decision upon a matter of law at any time from the calling of the action for trial to the rendering of the verdict or decision," whereas the exception here relied on "could not have been taken until after the rendition of the decision of the court." But no exception to a ruling of the court can be taken until after it is made; and it is plain, therefore, that what is meant by the section of the Code referred to is, that the exception must be to some decision or ruling of the court, occurring before final judgment is rendered, and not that the exception must be taken before the decision excepted to has been made. But in this case, the granting of the motion for a nonsuit, which is the ruling or decision excepted to, did take place before the final judgment was in fact made and entered.

It was also held by the Supreme Court of Montana Territory that the bill of exceptions in the record is limited to the exception taken to the entry of the final judgment, and does not embrace any of the matters stated in the record as occurring previously, nor include the testimony nor agreed statement of facts on which the motion for a nonsuit was based. But an inspection of the record shows this to be a mistake. The whole transcript from the beginning professes to be a bill of exceptions, and is so styled in the caption, and the verification by the signature of the judge cannot be restrained to the last sentence of the connected history of the case which precedes. Taken together, as it plainly should be, the ground of the exception is distinctly stated, and everything necessary to entitle it to consideration satisfactorily appears. The office of a bill of exceptions is evidently the same under the Montana Code as at common law, and whatever brings upon the record, properly verified by the attestation of the judge, the matters of fact occurring at the trial, on which the point of law arises, which enters into the ruling and decision of the court excepted to, answers sufficiently the description of a proper bill of exceptions.

It is further objected here, however, in argument, that the exception in the present case must be disregarded, because the appeal from the District Court to the Supreme Court was not taken in time under the provisions of § 408, Montana Statutes, 1879, which is as follows: " An exception to the decision or verdict, on the ground that it is not supported by the evidence, cannot be reviewed on an appeal from the judgment unless the appeal is taken within sixty days after the rendition of the judgment." In the present case, the judgment was rendered March 22 and the appeal taken on July 13, 1880, more than sixty days after the rendition of the judgment. But the exception taken and to be considered is not within the description of the class mentioned in this section of the statute. Here there was no verdict or decision upon the facts in favor of either party, which it is alleged was erroneous because not supported by the evidence. The ruling excepted to was, that upon the evidence submitted by the plaintiffs it was matter of law that they could not recover. The verdict or decision referred to in the above quoted section of the statute relates exclusively to findings alleged to be erroneous for want of sufficient support in the evidence. Here the matter of the exception is purely matter of law.

But on the motion for a nonsuit the court was also in error. It should not have been granted. The ground on which the District Court proceeded was, that the sale of the stock of goods by Ingersoll to the plaintiffs was void under § 15 of a statute of Montana relating to conveyances and contracts, Laws of Montana, 1872, 394, which is as follows :

" Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by the immediate delivery and be followed by an actual and continued change of possession of the thing sold and assigned, shall be conclusive evidence of fraud as against the creditors of the vendor or the person making such assignments or subsequent purchasers in good faith."

Upon the facts recited in the bill of exceptions, that the bill of sale was executed and delivered at Helena on Saturday night,

March 29, 1879, at nine o'clock; that the stock of goods was at Vestel, twenty-three miles distant; that the plaintiffs took possession of them the next morning, Sunday, at four o'clock, and remained in possession until the goods were seized under the levy of the attachment made by the defendants the next morning; it appears that there was not a single hour in which business could be, or was usually, transacted that intervened between the execution and delivery of the bill of sale and the transfer of the possession of the property. This was certainly an immediate delivery of possession under the statute, and that possession continued until interrupted by the seizure by the defendants. Upon the facts in evidence, the title of the plaintiffs to the goods in controversy was sufficiently established in law, and if nothing else appeared it would have been the duty of the court so to have instructed the jury.

*The judgment of the Supreme Court of Montana Territory is reversed, and the cause is remanded, with instructions to take further proceedings therein in conformity with law.*