## NEW YORK TRUST CO. v. ISLAND OIL & TRANSPORT CO. et al.

Circuit Court of Appeals, Second Circuit.
May 20, 1929.

No. 174.

Phillips, all of New York City, of counsel), for noteholders' committee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). We shall adopt the receivers' interpretation of section 230 of the New York Lien Law (Consol. Laws, c. 33), not because we think it correct, but because the case does not require a decision upon it, and it is best, when we can, to await an authoritative ruling of the state courts. We shall therefore assume that shares of stock are chattels, that the deed was a mortgage, and that, not being filed, it should have been "accompanied by an immediate delivery and followed by an actual and continued change of possession." We must remember, however, that it is only of the certificates as such that we can in any event so speak. So far as the shares are choses in action, or any other kind of intangible property, they are not capable of delivery or change of possession, as distinct from possession of the certificates; only these can give colorable credit to their possessor. We do not understand it to be even argued that the statute makes void a mortgage unless the shares are registered in the mortgagee's name. We shall therefore dispose of the case as though the mortgaged res was the certificates alone.

The shares were of three kinds—those already held by the trustee; those delivered on July 11th; those in Mexico. As to the first, the argument is that there was no "delivery" or "actual * * * change of possession." This was true, if by that is meant that the mortgagee must receive possession at the time of the execution of the mortgage. Literally delivery did not "accompany" the mortgage; it preceded it. There could have been no such delivery, unless the trustee had redelivered the certificates to the defendant, and the defendant had in turn delivered them back to the trustee. In archaic times this would no doubt have been required; men feared to depart from the strict letter, or hazard inquiry into its purpose. We are not so bound to-day, when our assurance is as well founded as it is here. The statute aims, and always has aimed, at preventing the mortgagor from getting a spurious credit through the possession of goods on which his creditors may not levy. That is the only evil in the situation, and the only intelligible, just as it is the only historical, basis for the law.

Now it cannot make the slightest difference whether the mortgagee already has possession of the res, or whether he gets it along

Kohlman & Austrian, of New York City (David Asch and Martin Conboy, both of New York City, of counsel), for appellants.

Hornblower, Miller & Garrison, of New York City (Charles A. Boston, of New York City, of counsel), for appellee.

Chadbourne, Hunt, Jaeckel & Brown, of New York City (William M. Chadbourne, Clinton De Witt Van Siclen, and Alfred H.

with the mortgage. In either event the mortgagor cannot secure any credit from possession, which is all that matters. There is no suggestion in the New York cases to the contrary, and we will not assume, until necessary, that the courts of that state would take so strait a view. While we agree that the trustee's letter delivering the certificates to itself effected nothing, nothing was necessary except unconditional possession, and that existed. Cornelius v. C. C. Pictures, Inc., 5 F.(2d) 157 (C. C. A. 2), has nothing to do with this situation.

The only possible doubt about those certificates delivered on July 11th is because the proof does not show whether they reached the · trustee before or after its official acknowledgment of the deed, which was the moment of execution. Therefore, if the plaintiff has the burden of proving delivery at the. very instant of execution, it must fail, although at worst it was made on the same day, and the delay was a matter of a few hours. We have found no suggestion in any New York case that the phrase, "accompanied by immediate delivery," has been so rigidly construed as that. Elsewhere it has not been (Kleinschmidt v. McAndrews, 117 U. S. 287, 6 S. Ct. 761, 29 L. Ed. 905), and while we do not mean to assimilate it merely to ·"reasonably quick delivery," we should be disposed to hold that, when delivery is made on the same business day and separated from the mortgage only by hours, it is near enough, at least, unless some rights have intervened. The point is, however, not in any event involved here, because the receivers have the burden of proof on the issue. As between the parties the mortgage is good. Section 230 makes it void only in favor of creditors. Any interest of the receivers stands prima facie charged with the lien, like a judgment creditor's; like him they must prove that the chattels were not "immediately delivered," for that constitutes the defense of invalidity which must be proved.

Last as to the "Nayarit" certificates: While these were in Mexico, the interests, if any, created by the deed, depended upon Mexican law. Green v. Van Buskirk, 5 Wall. 307, 18 L. Ed. 599; Hervey v. Rhode Island Locomotive Works, 93 U. S. 664, 23 L. Ed. 1003; In re Circle Trading Corp., 26 F.(2d) 193 (C. C. A. 2); Potter Mfg. Co. v. Arthur, 220 F. 843, Ann. Cas. 1916A, 1268 (C. C. A. 6); Deere Plow Co. v. Mowry, 222 F. 1 (C. C. A. 9); Narvin Safe Co. v. Norton, 48 N. J. Law, 410, 7 A. 418, 57 Am. Rep. 566; Keller v. Paine, 107 N. Y. 83, 13 N. E. 635; Dearing v. McKinnon Dash & Hardware Co., 165 N. Y. 78, 58 N. E. 773, 80 Am. St. Rep. 708. The law of New York had nothing to do with them, and section 230 could not make invalid what was beyond the reach of the state in any form. However, the certificates did come within the state, and indeed the only question is as to what effect its law now gives to the deed; that is to say, whether it creates any lien. No doubt it would have been possible for the law of New York at that time to deny any effect to the deed, because of what had earlier taken place in Mexico. That is a question of New York law, which might conceivably invalidate · a mortgage, though the mortgagee got possession immediately upon the entrance of the chattels within the state, for the reason that there had been a period while they were elsewhere during which the law of their situs created a lien divorced from possession. This would not give any extraterritorial effect to the law of New York, though it would be curiously gratuitous action for the state of New York, which is presumably concerned only with the protection of her own creditors. However that may be, any policy which might dictate such an interpretation must presuppose the existence in Mexico of a lien which might permit a false credit to the mortgagor. There is no proof that the Mexican law created any lien whatever, and we are relieved of speculating further. Certainly it would be preposterous to make the section destroy the lien, though none had arisen anywhere until the certificates came within the state. · As there was no interval between the entrance of the certificates in New York and their delivery to the mortgagee, the lien was good.

We have assumed throughout that the receivers represented the interests of the creditors and may invoke the section; we find it unnecessary to pass upon that question.

The appellee has moved to dismiss the appeal upon the ground that it was taken without summons and severance as to the other parties. The defendants to the bill of foreclosure, which was consolidated with the sequestration bill, were the mortgagor, the Island Oil Marketing Corporation, the receivers of both companies, and the Antillian Corporation, the plaintiff in the sequestration suit. The decree was taken pro confesso against all the parties, except the receivers, who alone filed an answer. It was not, therefore, necessary that any one but the receivers should appeal, or be detached from the appeal. Winters v. U. S., 207 U. S. 564, 28 S. Ct. 207, 52 L. Ed. 340. Moreover, except for the Antillian Corporation, which

was presumably a creditor, the interests of the defendants were not joint with the receivers. The mortgagor had no power to challenge the mortgage, nor does it appear that the Island Oil Marketing Corporation had any.

Decree affirmed.