WILLIAM H. KNIFFIN, as Trustee in Bankruptcy of C. H. EARLE, INC., Appellant, *v.* STATE OF NEW YORK, Respondent.

(Claim No. 21770.)

Argued June 13, 1940; decided July 24, 1940.

*Sidney Squire* and *John T. Norton* for appellant. After bankruptcy of the contractor the State could not place itself in a preferred position superior to the bankrupt's creditors. (*Matter of Shults,* 135 Fed. Rep. 623; *Cumberland Glass Co.* v. *DeWitt,* 237 U. S. 447; *United States* v. *Marxen,* 307 U. S. 200.)

*John J. Bennett, Jr., Attorney-General* (*Leon M. Layden* of counsel), for respondent. The determination of the trial court was proper. (*Field* v. *Mayor,* 6 N. Y. 179; *Hinkle Iron Co.* v. *Kohn,* 229 N. Y. 179; *Weniger* v. *14th St. Store,* 191 N. Y. 423; *Prata* v. *Green,* 70 App. Div. 224; 174 N. Y. 535; *Toney* v. *New Amsterdam Casualty Co.,* 124 Misc. Rep. 361; *Riverside Contracting Co.* v. *City of New York,* 218 N. Y. 596; *Post & McCord* v. *City of New York,* 86 Misc. Rep. 300; *Superior Brassiere Co.* v. *Zimetbaum,* 214 App. Div. 525; *Hofferberth* v. *Duckett,* 162 N. Y. Supp. 167.)

SEARS, J. C. H. Earle, Inc., a corporation of which the plaintiff is the trustee in bankruptcy, contracted with the State in August, 1928, to construct certain improvements at Jones Beach on Long Island. In the course of the work the Earle Company became indebted to a subcontractor, the Raymond Concrete Pile Company, to the extent of $102,462.36. On the 17th day of May, 1929, the Earle Company gave the Raymond Company a written assignment of moneys due or to become due to it from the State pursuant to its contract with the State to the extent of the amount of this indebtedness, payable as follows:

" (1) The sum of forty-one thousand fifty-five dollars ($41,055) out of the next payment after the date of the assignment made or becoming due to the contractor under

or on account of said contract; which payment the contractor warranted would amount to at least $41,055 and would become due on or about June 1, 1929; provided that if the next payment becoming due to the contractor would not amount to $41,055, the balance or deficit would be paid out of the next succeeding payment or payments made or becoming due to the contractor under or on account of said contract.

" (2) The sum of thirty thousand seven hundred three and 68/100 dollars ($30,703.68) (plus any balance or deficit remaining from said sum of $41,055 as aforesaid) out of the second payment after the date of the assignment made or becoming due under or on account of said contract, which payment the contractor warranted would amount to at least $30,703.68 plus any such balance or deficit and would become due to the contractor on or about July 1, 1929; provided that if the next two payments becoming due to the contractor under or on account of said contract would not amount to seventy-one thousand seven hundred fifty-eight and 68/100 Dollars ($71,758.68), the balance or deficit would be paid out of the next succeeding payment or payments becoming due to the contractor under or on account of said contract.

" (3) The sum of thirty thousand seven hundred three and 68/100 dollars ($30,703.68) (plus any balance or deficit remaining from said sums of $41,055 and $30,703.68 aforesaid) out of the third payment after the date of the assignment made or becoming due under or on account of said contract, which payment the contractor warranted would amount to at least $30,703.68 plus any such balance or deficit and would become due to the contractor on or about August 1, 1929."

The assignment was filed and docketed in the proper State offices on May 20, 1929. On May 21, 1929, the State Comptroller paid to the Earle Company $128,541.83 without regard to the Raymond assignment then on file, but on the next day the Earle Company paid to the Raymond Company $41,055. On or about June 7, 1929, the

State Comptroller paid to the Earle Company on the contract the further sum of $69,406.56 without regard to the Raymond assignment. The Earle Company made no payment to the Raymond Company therefrom. On or about June 19, 1929, the State Comptroller further paid to the Earle Company on the contract $94,402.07 without regard to the Raymond assignment and the Earle Company made no payment to the Raymond Company therefrom. On or about July 9, 1929, the State Comptroller paid the Raymond Company $30,703.68 on the assignment out of a fourth payment of $42,662.25 due the Earle Company. After these payments had been made, there remained due to the Raymond Company from the Earle Company a balance of $30,703.68. On the 22d day of July, 1929, an involuntary petition in bankruptcy was filed against the Earle Company, and subsequently the Earle Company was adjudicated a bankrupt and the plaintiff became its trustee in bankruptcy. On July 24, 1929, two days after the bankruptcy petition was filed, the State gave notice that work under the contract had not progressed satisfactorily, and on July 30, 1929, by official order, canceled the contract and proceeded to complete the work itself. On April 9, 1930, the State issued its official order that the Earle contract had been completed by the State and the work declared accepted, and the State certified that $279,642.76 was available to the credit of the contract subject to liens filed. Meanwhile the Raymond Company, on March 18, 1930, had filed a claim in the Court of Claims against the State for the balance due it from the Earle Company amounting to $30,703.68, with interest. Trial occurred April 7, 1930, and on June 3, 1930, the court entered judgment in favor of the Raymond Company against the State for $30,703.68, with interest from June 17, 1929, upon a decision with findings to the effect that the State had disregarded Raymond's assignment when there were sufficient moneys in the hands of the Comptroller to pay Raymond out of the estimates which were the bases for the second, third and fourth payments by the State to Earle. On June 9, 1930, the

State paid the Raymond Company $32,506.72, the amount of the judgment, with interest, and received from the Raymond Company an assignment of the judgment. This the State took as an investment for the Common School Fund. The judgment was held as an investment of Common School Fund until the 1931 Legislature made appropriation for the payment of judgments granted by the Court of Claims against the State. On June 12, 1930, the State claimed that it had, appropriated and available for the work under the Earle contract, the sum of $247,436.03 subject to assignments and liens filed, but such amount omitted the sum of $32,506.73 which it had paid for the Raymond judgment. In this claim the State thus treated the amount paid to the Raymond Company as a payment on the Earle contract. On January 21, 1931, the plaintiff filed in the Court of Claims a claim against the State for the balance due on the Earle contract. In this claim there was included an item of $32,506.73, with interest from June 9, 1930, being the amount which the State paid to the Raymond Company for the Raymond Company's judgment against the State. On March 6, 1931, the State's Common School Fund was reimbursed the amount paid to obtain the assignment of the Raymond judgment, with interest, out of the appropriation made by the 1931 Legislature for the payment of Court of Claims judgments against the State.

In the present action the State has been successful in the Court of Claims and in the Appellate Division in being allowed to treat the amount paid on the Raymond judgment as a payment on the Earle contract superior to any right of the trustee in bankruptcy.

We reach the conclusion that the judgment before us for review is correct so far as the principal sum is concerned, but erroneous with respect to interest. The record does not contain the full text of the assignment from the Earle Company to the Raymond Company, which furnishes the basis of the State's position. We have before us merely a brief statement of its contents in the agreed statement of facts and in the findings in the Court of Claims. We read

these statements as showing that the Earle Company assigned its claim against the State to the amount of $102,-462.36 thereof, and provided for its payment out of three subsequent estimates, but did not confine its assignment to such estimates. In other words, the assignment covered subsequent installments which might fall due under Earle's contract with the State in case the full amount had not already been paid to Raymond, no matter what was the reason for this situation resulting. If then, the assignment was not confined to the particularly specified payments, there continued to remain, even after the bankruptcy of the Earle Company, a valid assignment to the Raymond Company of the State's obligation to the Earle Company to the amount of the balance of the $102,462.36 remaining unpaid, namely, of $30,703.68. In this view, the State, when it paid the Raymond Company, was entitled to charge the payment against the Earle contract and take credit to itself upon the balance due from it to the Earle Company upon the entire contract. In this aspect, the bankruptcy of Earle is unimportant. The assignment from Earle to Raymond antedated the Earle bankruptcy and is superior to later liens, assignments and claims of general creditors, as stated in the opinion of the Appellate Division. (*Riverside Contracting Co.* v. *City of New York*, 218 N. Y. 596.)

That the judgment obtained by Raymond in the Court of Claims was based on a particular theory, namely, the failure of the State to pay the Raymond Company out of specific estimate payments, is immaterial. If our construction of the assignment is correct, the lien of the assignment upon the funds in the State's hands remained valid despite the State's failure to comply with the terms of the assignment, and, on whatever theory the Raymond judgment was obtained, the payment of the Raymond judgment was in fact a payment on the Earle contract. The State was entitled to take credit for this payment on the balance due.

We find no significance in the facts relating to the manner of the payment of the Raymond judgment by the State. Whatever bookkeeping entries were made by the State,

whatever practice was pursued to secure the money from State funds, the essence of the transaction is that the State paid the judgment when it paid Raymond, at least so far as the plaintiff is concerned. Even if we regard the transaction when the judgment was assigned by Raymond to the State for the Common School Fund as keeping the judgment unsatisfied and outstanding, it was afterwards paid and satisfied. By the assignment from the Earle Company to the Raymond Company, the State was authorized to charge the Earle Company for payments made the Raymond Company.

For these reasons, we find no error in the judgment appealed from so far as it relates to the principal sum. As to the interest, however, there should be a modification. The State had in its hands, as found by the Court of Claims, funds sufficient to pay the Raymond account against the Earle Company before the Earle bankruptcy. It did not do so. As the delay in payment of the Raymond claim was due solely to the State's disregard of the terms of the assignment, no interest should be allowed thereon in favor of the State.

The judgment should be modified to the extent of allowing the claim for interest and, as modified, affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.