## NEW YORK CASUALTY CO. v. CITY OF LAGRANGE, KY., et al.

District Court, W. D. Kentucky.

July 24, 1940.

Burwell K. Marshall, of Louisville, Ky., for plaintiff.

D. A. Sachs, Jr., of Louisville, Ky., for trustee in bankruptcy.

D. E. Wooldridge, of LaGrange, Ky., for First State Bank of LaGrange.

MILLER, District Judge.

This matter is before the Court on motions to dismiss for lack of jurisdiction filed by the defendants, the First State Bank of LaGrange, Kentucky, and by Morris W. Jones, Trustee in Bankruptcy of Zaepfel & Russell, Inc.

Zaepfel & Russell, Inc., was adjudicated a bankrupt on April 30, 1940 in the District Court for the Western District of Kentucky, and the defendant Morris W. Jones was duly elected Trustee. The bankrupt was a defaulting building contractor. The plaintiff New York Casualty Company was its surety on its bond for the construction of a hospital at LaGrange, Kentucky, at a cost of $46,937. The petition filed by the Casualty Company states that Zaepfel & Russell, Inc., completed said contract in accordance with its terms, except that it failed to pay certain outstanding labor and material claims, which claims the Casualty Company paid in the amount of $6,007.44. The city of LaGrange owes $4,906.35 as the unpaid balance on the construction contract. The Casualty Company claims that the city of LaGrange should be required to pay this balance to it by reason of its subrogation rights under its contract of suretyship with the bankrupt. Several

other parties are also making claims against this unpaid balance. The petition filed by the Casualty Company made all claimants parties defendant, asserted a first lien to the unpaid balance owed by the city of LaGrange, asked that the city of La-Grange be required to pay the money into the registry of the Court and that all defendants be required to answer and set up their respective claims or be forever barred. The motions to dismiss are based upon the proposition that since the bankrupt estate is being administered by the bankrupt court that court has exclusive jurisdiction of all the assets of the estate including the right to determine the priority of liens against any such assets. The plaintiff contends that since the lien claims against the funds in question exceed the amount of the funds there remains no equity in favor of the trustee, and that it will avoid circuity of action if the Court will permit the priority of conflicting liens and unsecured claims between the contending parties to be all settled in one independent suit.

It is well settled that mortgaged or encumbered property which is owned by the bankrupt is an asset of the bankrupt estate, and the trustee is entitled to take possession of such property subject to any lien existing against the same. American National Bank v. Harris, 10 Cir., 84 F.2d 181. Accordingly, the money in question, even though subject to lien claims of various claimants, is an asset of the bankrupt estate and it can not be taken from the possession of the trustee without his consent. In the present case the trustee is asserting his right to the possession of the property.

The bankruptcy court has exclusive jurisdiction to deal with all the property of the bankrupt estate, and when this jurisdiction has attached the Court's possession can not be affected by any action brought in any other court, either State or Federal. Isaacs, Trustee, v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645, and cases cited therein. If there are conflicting lien claims against the property the court has jurisdiction to determine their validity and their priority, although the trustee may ultimately have no interest in the question. Nisbet v. Federal Title & Trust Co., 8 Cir., 229 F. 644. The fact that the plaintiff claims to be subrogated to the entire amount of the fund in question does not necessarily mean that its claim is a valid one. The trustee may wish to contest either the validity of the lien claim in its entirety or the amount of the claim even if it is admitted that the Casualty Company is entitled to subrogation. It may ultimately develop that the trustee has no interest in the funds, but until the trustee renounces interest this Court can not refuse to recognize the exclusive jurisdiction of the bankruptcy court to deal with such assets of the bankruptcy estate.

The motions to dismiss for lack of jurisdiction are sustained and the action is dismissed as to all defendants.