## ROCKMORE v. LEHMAN et al.
### No. 227.

Circuit Court of Appeals, Second Circuit.
Aug. 19, 1942.

For former opinion, see 128 F.2d 564.

Jacob M. Zinaman, of New York City, for petitioner Joseph S. Abrams.

Abraham Lehman, of Brooklyn, N. Y. (Henry C. Lehman, of Brooklyn, N. Y., of counsel), for petitioner Mathilde Lehman.

David Haar, of New York City, for Max Rockmore, trustee, opposed.

Effingham Evarts, of New York City (J. Thomas Schneider, of New York City, of counsel), Amici Curiae for Reconstruction Finance Corporation.

Milbank, Tweed & Hope, Davis Polk Wardwell Gardiner & Reed, Larkin, Rathbone & Perry, Shearman & Sterling, and White & Case, all of New York City, Amici Curiae for various banking institutions.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The parties have had full opportunity to present their views upon all phases of this appeal in the briefs filed on the motion for a rehearing. We shall accordingly treat the petition for a rehearing as granted, a rehearing had and proceed to a final disposition of the appeal.

Upon a further examination of the authorities we have become convinced that the majority opinion did not correctly interpret the New York law as applied to loans upon bilateral contracts not completely performed on either side and the view of that law expressed in Judge Clark's dissenting opinion should in general be adopted.

In each of the cases before us, advances were made upon contracts whereby Surf in the first case and Fiegel Advertising Company in the second case were to furnish and maintain advertising signs for Calvert in return for which Calvert bound itself to pay fixed sums over a period of years for the furnishing and maintenance of the signs. The advances were not made upon a mere agreement to assign rights which might arise in the future and did not exist at the time contracts were made, but upon assignments of definite contractual obligations.

We are convinced that the New York Court of Appeals has differentiated assignments of existing contracts by way of pledge from agreements to assign rights that have not yet come into being, even as interests contingent upon counter-performance. The most recent decision is Kniffin v. State, 283 N.Y. 317, 28 N.E.2d 853, where a building contractor assigned his

contract with the State of New York to a subcontractor as security for a pre-existing indebtedness, and then became bankrupt. The State made payments under the contract to the assignor, but the assignee was allowed to recover the amount of its claim in spite of the fact that the assignment embraced moneys "to become due" under the contract. See 1 Restatement, Contracts, § 154, sub. 1, Illustration 1; also Judge Hinck's opinion in Re New York N. H. & H. R. Co., D.C.Conn., 25 F.Supp. 874, 877; Central Trust Co. v. West India Importing Co., 169 N.Y. 314, 62 N.E. 387; Arrow Iron Works, Inc., v. Greene, 260 N.Y. 330, 183 N.E. 515.

■ We cannot agree with appellant's contention that Section 60, sub. a, of the present Bankruptcy Act, 11 U.S.C.A. § 96, sub. a, affects our decision, and that there would be an unlawful preference as to any sums paid or payable after knowledge of insolvency. On the contrary we hold that the date of the assignments governed the imposition of the liens on any sums due from Calvert. This is because the contracts, and not the moneys accruing under them, were the subjects of the assignments. Section 60, sub. a, provides that: "a transfer shall be deemed to have been made at the time when it became so far perfected that no bona-fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein." It has long been the New York law that such an assignment is good against a bona fide purchaser, even though the bona fide purchaser is the first to give notice to the obligor. Fortunato v. Patten, 147 N.Y. 277, 283, 41 N.E. 572; Hooker v. Eagle Bank of Rochester, 30 N.Y. 83, 86 Am.Dec. 351. The same thing is true of an execution creditor or a trustee in bankruptcy. Harris v. Taylor, 35 App.Div. 462, 54 N.Y.S. 864; see for an interpretation of it Sullivan v. Rosson, 223 N.Y. 217, at page 226, 119 N.E. 405, 4 A.L.R. 1400; Conley v. Fine, 181 App.Div. 675, 679, 169 N.Y. S. 162; In re New York, N. H. & H. R. Co., D.C.Conn., 25 F.Supp. 874, 877; Williams v. Ingersoll, 89 N.Y. 508.

■ Finally the question has been discussed both in the opinion of Judge Clark and in the briefs submitted by the Amici Curiae whether Section 230 of the New York Lien Law required the filing of the assignments of the contracts with Calvert to give them validity as against the trustee in bankruptcy Our decision in In re Bernard & Katz, 2 Cir., 38 F.2d 40, indicates the contrary, as well as our interpretation of Section 230 in New York Trust Co. v. Island Oil and Transport Company, 2 Cir., 33 F.2d 104, 105, 79 A.L.R. 1007. Moreover, it was held in Niles v. Mathusa, 162 N.Y. 546, 57 N.E. 184, decided before the amendment of Section 230 explicitly excepted certain choses in action, that the statute did not require the filing of an assignment of a liquor tax certificate, and we have no reason to suppose that the amendment can be regarded as changing by mere implication the effect of that decision. Section 230 (after the amendment) speaks of "immediate delivery * * * followed by an actual and continued change of possession." Section 232 requires a filing of an assignment in the city or town "where the property mortgaged is at the time of the execution of the mortgage" in cases where the mortgagor is not a resident of the State, and Section 233 requires officers receiving instruments to be filed to enter "a statement of the premises in which the chattels mortgaged are contained." Such language seems inapplicable to assignments of choses in action not embodied in particular instruments such as, for example, stocks and bonds specifically alluded to in the exception to the section and more naturally to be regarded as "chattels." It is particularly hard to think of an "immediate delivery * * * followed by an actual and continued change of possession" of ordinary business contracts in the sense that the words are applied in common parlance to bonds and certificates of stock.

It follows from the foregoing that our former decision in this matter was erroneous and that the decision of the court below in both cases should have been affirmed.

Orders affirmed.