**STANDARD OIL CO. OF NEW JERSEY v. DEFENSE PLANT CORPORATION et al.**

District Court, S. D. New York.

June 1, 1944.

Bigham, Englar, Jones & Houston, of New York City (F. Herbert Prem, of New York City, of counsel), for defendant Defense Plant Corporation.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City (Judson C. Mc-Lester, Jr., of New York City, of counsel), for defendant Kosmos Towing Co.

Otterbourg, Steindler & Houston, of New York City (E. Robert Marks, of New York City, of counsel), for trustee in bankruptcy.

COXE, District Judge.

This is an interpleader suit involving the sum of $12,977.96 deposited in the registry of the court by the plaintiff. The defendants have asserted claims against the fund. The court, by decree, dated April 24, 1944, freed the plaintiff from liability to the defendants with respect to the fund, awarded the plaintiff $242.42 for costs and counsel fees, and directed the defendants to interplead their respective claims in the action. The net fund now available for disposition, after deducting the sum of $242.42 awarded to the plaintiff, thus amounts to $12,735.54.

The sum of $12,977.96 deposited in the registry of the court by the plaintiff represented freight monies earned by United States Barge Lines, Inc., a Kentucky corporation, under contract with the plaintiff, in carrying a quantity of oil from Baton Rouge, Louisiana, to Midland, Pennsylvania, in June, July and August, 1943. The record does not show just when these freight monies were earned by the Barge Lines, but enough appears to indicate that the carriage was completed by August 10, 1943, and that the freight monies were fully earned and payable at that time.

The facts relating to the claims of the defendants are not in dispute. The defendant Defense Plant Corporation, a government agency, chartered to the Barge Lines a tow boat and two barges for use in moving the oil under the contract with the plaintiff. When the tow was near Louisville, Kentucky, it was halted for lack of funds, and on July 26, 1943, the defendant Kosmos Towing Company, a Kentucky corporation, loaned to the Barge Lines $6,000 on the security of an assignment of the freight monies due the Barge Lines from the plaintiff. This assignment was executed in Kentucky, and was accepted by the plaintiff by telegram on July 29, 1943, the plain-

tiff advising that the check would be made payable to the Barge Lines and the Kosmos Company jointly. On August 10, 1943, the Defense Corporation commenced an admiralty suit in this district against the Barge Lines for unpaid charter hire on the tow boat and barges, and obtained jurisdiction by attaching $7,740 of the freight monies due the Barge Lines from the plaintiff. An interlocutory decree in this suit was entered in favor of the Defense Corporation on September 29, 1943, and was followed on March 6, 1944, by a final decree for $7,846.42, with interest thereon from March 6, 1944. On January 22, 1944, an involuntary bankruptcy petition was filed against the Barge Lines in the District Court for the Western District of Kentucky, and, after adjudication, the defendant Brent was appointed trustee for the company.

 The defendant Brent, bankruptcy trustee of the Barge Lines, asks that the entire fund now held in the registry of the court be turned over to him for administration in the bankruptcy court in Kentucky; he makes no contention that the liens of the Kosmos Company and the Defense Corporation with respect to the fund are invalid as preferential, but he insists broadly that both claimants should be relegated to the Kentucky bankruptcy court for the adjudication of their claims. This broad contention of the trustee is clearly untenable, for both liens were acquired more than four months prior to the filing of the bankruptcy petition, and this court has complete jurisdiction to adjudicate the claims so far as the fund is concerned. Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060; Century Ins. Co. v. First Nat. Bank, 5 Cir., 102 F.2d 726. It is also argued that the assignment to the Kosmos Company is invalid because at the time it was made it was merely an assignment in futuro. The assignment, however, attached to the freight monies when they became due and was clearly valid. See Okin v. Isaac Goldman Co., 2 Cir., 79 F.2d 317; Rockmore v. Lehman, 2 Cir., 129 F.2d 892. The motion of the defendant Brent is, therefore, denied.

 The question remains whether the assignment to the Kosmos Company is entitled to priority over the Defense Corporation attachment. The assignment was made on July 26, 1943, and it reached funds in the hands of the plaintiff which were fully earned at least as early as August 10, 1943.

The plaintiff was given notice of this assignment on July 29, 1943, thereby forestalling any subsequent attack from the bankruptcy trustee. See Corn Exchange Bank v. Klauder, 318 U.S. 434, 63 S.Ct. 679, 87 L.Ed. 884, 144 A.L.R. 1189. The Defense Corporation attachment issued on August 10, 1943, and the levy thereunder appears to have been made on August 11, 1943. On this state of facts, I think it is clear that the assignment to the Kosmos Company antedated, and has priority over, the Defense Corporation attachment. See Kniffin v. State, 283 N.Y. 317, 323, 28 N.E. 2d 853. It follows that the Kosmos Company is first entitled to be paid $6,000 from the fund, and that the balance of $6,735.54 should be paid to the Defense Corporation on account of its claim.

There may accordingly be a decree denying the claim of the defendant Brent to the possession of the fund, allowing the claim of the defendant Kosmos Towing Company, amounting to $6,000, to be first paid from the fund, and allowing the claim of the defendant Defense Plant Corporation to the extent of $6,735.54, being the entire remaining balance of the fund.