### DEFENSE PLANT CORPORATION v. UNITED STATES BARGE LINES, Inc. (two cases).

District Court, S. D. New York.

April 15, 1944.

Order Affirmed Nov. 27, 1944.

See 145 F.2d 766.

Bigham, Englar, Jones & Houston, of New York City (F. Herbert Prem, of New York City, of counsel), for libelant Defense Plant Corporation.

Maurice A. Krisel, of New York City (Israel J. Beck, of Freeport, N. Y., of counsel), for intervenors Ida W. Barnes and Thomas C. Fisher.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City, for garnishee Standard Oil Co. of New Jersey.

Otterbourg, Steindler & Houston, of New York City (E. Robert Marks, of New York City, of counsel), for trustee in bankruptcy.

**CAFFEY, District Judge.**

I think there are several reasons why the motion should not be granted. Two of these, each of which seems to me sufficient, will be stated.

■ I. On January 19 or 22, 1944, the respondent was adjudicated a bankrupt by the United States District Court for the Western District of Kentucky. At the time, so far as the papers disclose, no proceeding with respect to an alleged bottomry lien had been instituted by either movant. The notice of motion before me is dated March 25, 1944,—more than two months subsequent to the adjudication. As I view the matter, by force of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., the court which adjudicated the respondent a bankrupt is vested with exclusive jurisdiction to determine the claims of the movants (including their claims of liens) described in their notice of motion and the papers annexed thereto. Isaacs v. Hobbs Tie & T. Co., 282 U.S. 734, 739, 51 S.Ct. 270, 75 L.Ed. 645. See also Straton v. New, 283 U.S. 318, 322-327, 51 S.Ct. 465, 75 L.Ed. 1060, and New York Casualty Co. v. City of Lagrange, Ky., D.C.W.D.Ky., 33 F.Supp. 993, 994.

■ II. It is urged by the movants that The Philomena, D.C.D.Mass., 200 F. 859, 861, is the other way; but I regard that case as inapplicable. There a suit for enforcement of an admiralty lien was instituted prior to the respondent being adjudicated a bankrupt. Here the adjudication in bankruptcy preceded the making of the motion now under consideration.

In the Philomena case the libel in admiralty was filed and the vessel was arrested September 9, 1911. The petition in bankruptcy was filed September 14, 1911. This difference in the facts from the facts in the instant case is crucial. As I read the opinion, the significance of the difference was thoroughly recognized by Judge Dodge, who wrote the opinion. When speaking about the superiority of the jurisdiction of the admiralty there declared, at page 861 of 200 F., he went no further than to state it to be in a case "wherein its [the admiralty court's] jurisdiction over the property was complete before the bankruptcy proceedings were inaugurated." The position of the District Court in Massachusetts on the issue now presented was additionally clarified and emphasized in a subsequent decision by that court.

Five years afterwards in The Casco, D.C. D.Mass., 230 F. 929, 930, on facts in substance identical with those in the case at

bar, the same court seems to me squarely to have held that the Philomena decision was confined to a case wherein the vessels involved "had been seized under the admiralty process, before the bankruptcy proceedings [against the owner of the vessels] were begun." In those circumstances the later decision, in conformity with the earlier decision, said that "the admiralty court would not surrender" the vessels and that admiralty jurisdiction was paramount. But in the later decision of a case on facts indistinguishable from those here, the court denied the request that the vessels be released by the bankruptcy court to the admiralty court. At pages 930 and 931 of 230 F., Judge Morton wrote as follows:

"It is settled that the admiralty jurisdiction over vessels is not of such exclusive and fundamental character that, for the purpose of enforcing maritime liens against them, they will be taken from anybody in whose possession they may be found. * * *

"Again, it is doubtful whether a bankruptcy court may, under the present [1898] act, properly surrender property admittedly belonging to a bankrupt estate to another court for the determination of liens and claims against it."

As I construe the second Massachusetts District Court ruling, in principle at least, it accords with the Isaacs case, supra. If, however, I be mistaken with respect to what is contained in subdivisions I and II of this memorandum, I believe there is another ground on which the present motion cannot properly prevail.

■ III. In the one of the actions designated above as A 128–59 there was an interlocutory decree for the libellant on September 29, 1943, and the cause was terminated by final decree in favor of the libellant on March 6, 1944. In the other, designated as A 129–129, brought by the same libellant, on March 29, 1944, an order was made dissolving and vacating the attachment. This was at the instance of the bankruptcy trustee. As stated in the brief of his counsel, and not controverted in the movants' reply brief, with respect to case A 129–129, " * * * on March 29, 1944, an order was entered in this court pursuant to Section 67A [sub. a] of the Bankruptcy Act [11 U.S.C.A. § 107, sub. a] dissolving and disattaching the judgment obtained by Defense Plant Corporation [the libellant] in that proceeding."

In effect this was a termination of that proceeding.

It follows that there is no admiralty litigation now pending between the parties to the actions whose titles are given in the caption of the notice of motion. Since those actions ended, there has been no admiralty litigation between the parties. It follows that at present there is no suit in this court such as that into which the movants seek leave to intervene.

■ IV. On March 20, 1944, the Standard Oil Company of New Jersey instituted in this court an interpleader suit, Standard Oil Co. v. Defense Plant Corp., 57 F.Supp. 13, and deposited in the registry of the court the fund in controversy, which grew out of freights owing by the Standard Company to the respondent in the two previously commenced admiralty suits (A 128–59 and A 129–129). The defendants in the interpleader case include that respondent and the bankruptcy trustee. In its answer therein the trustee has set up a claim to the entire fund. The movants do not desire to become parties to that suit and, therefore, for the purposes of the present motion, it may be disregarded.

Nevertheless, in addition to its appearing that there is no action such as that into which the movants seek admission, it further appears that already the bankruptcy trustee has asserted his claim to possession of the fund.

V. As previously indicated, there are additional reasons for refusing the relief sought.

Motion denied. Settle order on two days' notice.